You have requested an opinion whether the General Assembly may raise the age for compulsory school attendance from age 16 to age 18 in Prince George's County.[1]
Assistant Attorney General Sandra Benson Brantley recently answered that question in the affirmative in a letter of advice. A copy of that letter is attached. We have reviewed that letter and agree with her analysis and conclusion.[2]
 Douglas F. Gansler
Attorney General
 Robert N. McDonald
Chief Counsel Opinions and Advice
 THE ATTORNEY GENERAL OF MARYLAND OFFICE OF COUNSEL TO THE GENERAL ASSEMBLY
The Honorable Aisha N. Braveboy 210 House Office Bldg. Maryland General Assembly Annapolis MD 21401
Dear Delegate Braveboy:
You asked whether the General Assembly could pass legislation to raise the compulsory school attendance age to 18. If so, you further asked whether the statute could be limited to Prince George's County. The answer to both questions is yes.
Currently, Maryland, like 25 other states, requires school attendance for children up to age 16. See Maryland Code Ann., Educ. Art. § 7-301. Nine states require school attendance to age 17; 15 states and the District of Columbia set the compulsory attendance age at 18.See Kyle Zinth, "Compulsory School Age Requirements," Education Commission of the States, August 2006 at 1-3. There is nothing in Maryland law that prohibits the General Assembly from changing the compulsory school attendance age to 18. The field of public education is occupied by the General Assembly and preempted by it. McCarthy v. Boardof Education, 280 Md. 634, 374 A.2d 1135 (1977).
The General Assembly could limit the application of a law changing the compulsory attendance age to 18 to Prince George's County only. The Supreme Court determined that the Equal Protection Clause of the U.S. Constitution "relates to equality between persons as such, rather than between areas and that territorial uniformity is not a constitutional prerequisite."McGowan v. Maryland, 366 U.S. 420, 427 (1961). In addition, the Maryland Court of Appeals noted that "Maryland has long followed the practice of enacting local laws affecting only certain counties, or exempting particular counties or localities from the operation of general laws or of some of the provisions thereof." In re Trader, 272 Md. 364, 383
(1974). In the Trader case, the Court upheld a geographic difference in a State law regarding the treatment of juveniles as adults when the child committed robbery with a deadly weapon. The Court stated that" Constitutionality is presumed in the absence of a clear and convincing showing by the party assailing the legislative classification that it does not rest on any reasonable basis, but is essentially arbitrary."Id. at 400 (emphasis in original).
In summary, the General Assembly may raise the compulsory school attendance age to 18 and limit the application to Prince George's County so long as there is a reasonable basis for doing so.
Sincerely,
 Sandra Benson Brantley
Assistant Attorney General
[1] Many students with birthdays that fall in the second half of the calendar year will, in the normal course, graduate from high school at age 17. See also COMAR 13A.03.02.10 (allowing for early admission to college or other post-secondary school programs). We assume that any legislation designed to raise the compulsory school age will take account of such students.
[2] We note that, because the General Assembly has preempted the field of education, legislation on this subject limited to Prince George's County would not implicate the County's home rule powers under Article XI-A of the Maryland Constitution. *Page 120